Matthias, J.
 

 The only question presented is whether there was such compliance with the requirements of the statute as to invoke jurisdiction of the Common Pleas Court to review the decision of the board of review.
 

 It is elementary that an appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right •of appeal conferred is conditioned upon compliance with the accompanying mandatory requirements.
 
 Collins, Exr.,
 
 v.
 
 Millen,
 
 57 Ohio St., 289, 291, 48 N. E., 1097. No one would contend that a notice of appeal need not be filed within the time fixed by statute. Compliance with a requirement that a notice of appeal shall be filed within the time specified, in order to invoke jurisdiction, is no more essential than that the notice be filed at the place designated and that it be such in ■content as the statute requires.
 
 Kinsman Square Drug Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 145 Ohio St., 52, 60 N. E. (2d), 668;
 
 Dayton Rental Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 145 Ohio St., 215, 61 N. E. (2d), 210; and
 
 American Restaurant & Lunch Co.
 
 v.
 
 Glander, Tax Commr.,
 
 147 Ohio St., 147, 70 N. E. (2d), 93.
 

 In the case last cited, it was held in the syllabus that
 
 *126
 
 “where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.”
 

 That case involved an appeal from an order of the Tax Commissioner to the Board of Tax Appeals and presented the question of the sufficiency of the notice of appeal as to content, which was in substance whether the notice of appeal shall set forth or have attached thereto and incorporated therein by reference a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also specify the error or errors therein complained of. It was stated in the opinion in that case that “the very statute which authorizes the appeal prescribes the conditions and procedure under and by which such appeal may be perfected,” and held in the syllabus that “compliance with these specific and mandatory requirements governing the filing of such notice is essential to confer jurisdiction upon the Board of Tax Appeals.”
 

 The pertinent portion of Section 1346-4, General Code, being the statute governing the appeal procedure involved herein, is as follows:
 

 ‘ ‘ Any interested party * * * may * * * within thirty days * * * appeal from the decision of the board of review * * *. Such appeal shall be taken by the filing by appellant of a notice of appeal with the clerk of such court and with the board of review. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of. Proof of the filing of such notice with the board of review shall be filed with the clerk of such court. All other parties before the board of review * * # shall be made appellees. The appellant shall serve notice of the appeal upon all appellees by registered mail or actual delivery to his last
 
 *127
 
 known post office address unless such notice is waived. ’ ’
 

 We are in accord with the view that the procedure directed by the above provisions relative to parties •and proofs of service of notice does not constitute conditions precedent to jurisdiction, but compliance with the requirements as to the filing of the notice of appeal — the time of filing, the place of filing and the content of the notice as specified in the statute — are all ■conditions precedent to jurisdiction.
 

 The notice of appeal involved herein is not sufficient to meet the requirements of the statute in that it fails to set forth the decision appealed from or the errors therein complained of.
 

 The foregoing statement of facts discloses the insufficiency of the notice of appeal in the respects stated.'
 

 It follows that the judgment of the Court of Appeals should be, and hereby is, reversed, and the judgment of the Court of Common Pleas is «affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.