Weygandt, C. J.
In its present posture this controversy presents two questions — both procedural.
It is contended by the appellees that the appellant employer lost its right to further appeal when it failed to file separate appeals to the Board of Review from the adverse decisions of the referee and that the referee’s decisions thereby became final as to the employer.
The appellant’s answer to this is that the adminis *462 trator already had filed proper appeals from the referee’s decisions and that hence second appeals therefrom were unnecessary in order to lodge the entire matter with all interested parties before the Board of Review. It is not contended that the appeals perfected by the administrator were defective in any respect. All the interested parties, including the employer, were duly notified and brought before the Board of Review.
After the decisions of the Board of Review, who had a right to appeal? This is answered conclusively by the statute itself. Section 1346-4, General Code, reads in part as follows:
“Any interested party as defined in the Unemployment Compensation Act may, within thirty days after notice of the decision of the board was mailed to the last known post office address of all interested parties, appeal from the decision of the Board of Review, or of a referee where an appeal has been disallowed by the board, to the Court of Common Pleas * *
The term “interested party” is clearly defined in Section 1345-1 g, General Code, as follows:
“ ‘Interested party,’ with respect to any claim for benefits under sections 1345-1 et seq., and 1346-1 et seq., of the General Code means the claimant, his most recent employer, any employer in such claimant’s base period and the administrator.”
In view of the all-inclusive provision that “any interested party” may appeal from a decision of a referee or the Board of Review, is it logical to imply a limitation that only some interested parties may appeal therefrom? A study of the immediate provision together with the context discloses no basis for such an inference. Hence, the lower courts were in error in this respect.
The second contention of the appellees is' that in perfecting its appeals to the Court of Common Pleas *463 the employer did not make the administrator a party appellee and serve him with notice within the statutory period of 30 days after notice of the decisions of the Board of Review.
This contention is correct, and the appellees insist that this requirement of the statute is mandatory and jurisdictional.
The records disclose that some time subsequent to the lapse of the 30-day period the Court of Common Pleas granted the employer leave to make the administrator a party appellee and serve him with notice.
Thereafter the Court of Common Pleas granted the appellees’ motions to dismiss the appeals.
Was it necessary to make the administrator a party appellee and serve him with notice within the 30-day period?
In the opinion in the case of Zier v. Bureau of Unemployment Compensation, 151 Ohio St., 123, 84 N. E. (2d), 746, it was said by Matthias, J.:
“We are in accord with the view that the procedure directed by the above provisions relative to parties and proofs of service of notice does not constitute conditions precedent to jurisdiction, but compliance with the requirements as to the filing of the notice of appeal — the time of filing, the place of filing and the content of the notice as specified in the statute — are all conditions precedent to jurisdiction. ’ ’
In that case the notice of appeal was deficient. In the instant cases no complaint, is made concerning the notices of appeal, and all jurisdictional requirements were met.
The view expressed in the Zier case is consistent with the following provision of Section 12223-4, General Code, relating to appellate procedure generally:
“The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, *464 tribunal, officer or commission. * * * After being duly perfected, * * * no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional. ’ ’
Hence, the Court of Common Pleas was. in error in dismissing the employer’s appeals on the second ground that the administrator had been made an additional party appellee and served with notice after the expiration of 30 days.
For both errors the judgments of the Court of Appeals are reversed, and the causes are remanded to the Court of Common Pleas with instruction to overrule the motions to dismiss the appeals.

Judgments reversed.

Middleton, Taft, Matthias, Hart, Zimmerman and Stewart, JJ., concur.