DeWINE, APPELLANT, *v.* BUREAU OF UNEMPLOYMENT COMPENSATION ET, APPELLEES.

Common Pleas Court, Montgomery County.

No. 118927. Decided October 30, 1961.

*Mr. Russell S. Milanick*, for appellant.

*Mr. Joseph Brugeman*, assistant attorney general, for appellees.

MILLS, J. This cause comes before this court for consideration of the motion of the Bureau of Unemployment Compensation to dismiss the appeal of appellant, for the reason that said appeal does not set forth the errors complained of; and

refers to *Moore v. Foreacher*, 156 Ohio St., 255; *Queen City Valve, Inc.* v. *Peck*, 161 Ohio St., 579; and *Darmstadter* v. *Amerine*, Case No. 26052, decided by Judge Finefrock of the Common Pleas Court of Logan County, Ohio, on September 13th, 1960.

Section 4141.28, Revised Code, requires the notice of appeal "shall set forth the decision appealed from and the errors therein complained of. Proof of the filing of such notice with the board shall be filed with the clerk." And further "If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification."

Is the mere fact that the notice of appeal to the Common Pleas Court sets forth "that the decision of the Board of Review, Bureau of Unemployment Compensation, was unlawful, unreasonable and against the weight of the evidence" sufficient as required by the Revised Code?

In the case of *Moore v. Foreacher*, 156 Ohio St., 226, decided by Judge Wiseman in 91 Ohio App., 28, 105 N. E. 2d, 80, and affirmed by the Supreme Court, the term "set forth" is defined to "ordinarily mean to recite or narrate facts or circumstances; to describe or to incorporate. Black's Law Dictionary (3 ed), 1612." It is also held it was not required the notice set forth verbatum the entire contents of the decision appealed from.

In the case of *Frigidaire v. Bureau of Unemployment*, this court, on Feb. 16, 1950 held it was not necessary to copy the decision in the notice of appeal, and the Court of Appeals and the Supreme Court have so held in the *Moore v. Foreacher case*. However, in the *Moore case* the Common Pleas Court was affirmed in part and reversed in part. It was reversed because counsel in the lower court filed a motion to permit appellant to amend the notice of appeal, but was affirmed because the original petition set forth grounds for appeal.

The second syllabus in the *Moore case* reads:

"In such an appeal the statutory requirement for notice is sufficiently met if the appellant complies substantially there-

with by designating the decision appealed from by its proper board of review docket number, and narrating the substance of the other relevant portions thereof.''

In quoting from *Zier* v. *Bureau of Unemployment,* 151 Ohio St., 123, as follows:

''An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by the statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements;''

The court held also:

''Compliance with the requirements as to the filing of the notice of appeal—the time of filing, the place of filing and the content of the notice as specified in the statute—are all conditions precedent to jurisdiction.''

The original petition in the *Moore* case set out, ''Appellant further says that the decision of the board of review was to the effect that the appellant herein was not available for work, whereas, in truth and in fact, the appellant was available for work.''

The difference in the *Moore* case and the one at bar is that in the case at bar there is no grounds set out but the general statement ''that the decision is contrary to law and against the manifest weight of the evidence'' and not pointing out any grounds of error.

Case No. 26052, Common Pleas Court, Logan County, Ohio, *Henry Darmstadter* v. *Milton Amerine,* is in point with the case at bar. Therein Judge Finefrock quoted Section 4141.28, Revised Code in part:

''Such notice of appeal shall set forth the decision appealed from and the errors therein complained of;'' and quoted the entire appeal:

''Now comes Henry Darmstadter, dba Logan Packing Company, by Kelley & Miller, his attorneys, and gives notice of appeal from the decision of the Board of Review, Bureau of Unemployment Compensation, State of Ohio, under its Docket No. 272725-BR., dated January 27, 1960, disallowing further appeal of the discharge of Appellee herein by Appellant herein, for the reason that the decision was unlawful, unreasonable and against the manifest weight of the evidence.''

The Attorney General complained notice of appeal did not properly set out grounds of error.

Judge Finefrock quotes the decision of Judge Matthias, from the *Zier case*:

"It is elementary that an appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right of appeal conferred is conditioned upon compliance with the accompanying mandatory requirements."

Judge Finefrock refers to the *Moore case* cited above and quotes from the decision:

"In such an appeal the statutory requirement for notice is sufficiently met if the appellant complies substantially therewith by designating the decision appealed from by its proper board of review docket number and narrating the substance of the other relevant portions thereof."

And from the decision of the Supreme Court, Judge Middleton: (In the same case)

"the decision appealed from is sufficiently set forth to satisfy the requirements of the statute where the notice of appeal clearly and without any ambiguity or uncertainty identifies, fully describes and states the substance and effect of the decision from which the appeal is taken."

In the case of *Queen City Valves, Inc.* v. *Beck*, 161 Ohio St., 579, 120 N. E. 2d, 310, the following errors were set out: ·

1. The decision is contrary to law.

2. The decision is not sustained by the evidence, is contrary to the evidence.

3. The decision is against the weight of the evidence.

4. The assessment placed upon the property involved is excessive, contrary to law and the evidence.

Therein the court found the appellant plead generalities and the errors set out "are such as might be advanced in nearly any case and are not of a nature to call the attention of the Board to those precise determinations of the Tax Commissioner with which appellant took issue." Judge Zimmerman points out that the statutes required in plain language that the errors complained of be specified, and points to "specify" according to Black's Law Dictionary, 4th ed. "Means to men-

tion specifically; to state in full and explicit terms; to point out; to tell or state precisely or in detail; to particularize; or to distinguish by words one thing from another.'' Judge Zimmerman also points out

''This court has no disposition to be hypertechnical and to deny the right of appeal on captious grounds, but it cannot ignore statutory language which demands that certain conditions be met to confer jurisdiction upon an appellate tribunal.''

This court is of the opinion, and it is the finding of the court, that the notice of appeal in the instant case is fatally defective in that it has failed to set forth the errors complained of, and that the motion of the Bureau of Unemployment Compensation to dismiss the appeal for the reason the appeal does not set forth errors complained of, should be sustained.