An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision.Crawford v. Eastland Shopping Mall Assn. (1983) 11 Ohio App.3d 158.
Plaintiff-appellant Donald Miller appeals from the trial court's order granting the motion to dismiss filed by the defendant-appellee Ohio Bureau of Employment Services (OBES).
The appellant was employed by Cuyahoga County as a custodian in the Justice Center. The last day of work for the appellant was August 28, 1998, but the records indicate that the actual date of termination was September 9, 1998. The appellant applied for unemployment benefits on September 2, 1998, and the claim was disallowed on September 24, 1998.
The appellant filed a request for reconsideration which was considered as an appeal to the Board of Review. A hearing was held on November 3, 1998, after which the Administrator affirmed the denial of benefits. The decision was mailed on November 4, 1998. The appellant next filed an appeal with the Unemployment Compensation Review Commission. Upon review of the record, the Commission disallowed the application to institute a further appeal. The appellant was notified of his appellate rights, including the fact that the decision had to be appealed within thirty days of the date of mailing of the decision. The document indicates that the date of mailing was December 1, 1998.
The appellant filed his appeal in the Cuyahoga County Court of Common Pleas on December 31, 1998. OBES filed a motion to dismiss, arguing that the appellant's appeal was untimely filed. The trial court granted the appellee's motion.
In the case sub judice, the appellant fails to specifically set forth an assignment of error, but rather argues that he was unjustly terminated from his employment and, thus, was entitled to unemployment compensation. The appellee once more asserts that the appeal was untimely filed.
R.C. 4141.28 (O) (1) permits a party, within thirty days, to file an appeal from the Review Commission's determination to the court of common pleas. Where the right to an appeal is conferred by statute, the appeal may only be perfected in the mode prescribed by the statute. Zier v. Bureau of UnemploymentCompensation (1949), 151 Ohio St. 123. The right to appeal is conditioned on compliance with the accompanying mandatory requirements. Id. Compliance with these specific and mandatory requirements governing the filing of an appeal is essential to invoke jurisdiction of the Court of Common Pleas. Zier, supra.
However, R.C. 4141.28 (O) (2) states:
 (2) If an appeal is filed after the thirty-day appeal period established in division (O) (1) of this section, the court of common pleas shall conduct a hearing to determine whether the appeal was timely filed pursuant to division (Q) of this section. At the hearing, additional evidence may be introduced and oral arguments may be presented regarding the timeliness of the filing of the appeal. If the court of common pleas determines that the time for filing the appeal is extended as provided in division (Q) of this section and that the appeal was filed within the extended time provided in that division, the court shall thereafter make its decision on the merits of the appeal. If the court of common pleas determines that the time for filing the appeal may not be extended as provided in division (Q) of this section, the court shall dismiss the appeal accordingly. The determination on timeliness by the court of common pleas may be appealed to the court of appeals as in civil cases, and such appeal shall be consolidated with any appeal from the decision by the court of common pleas on the merits of the appeal.
R.C. 4141.28 (Q) outlines the circumstances under which the appeal time to the court of common pleas may be extended.
The trial court erred when it failed to afford the appellant the hearing mandatorily required under R.C. 4141.28 (O) (2).Simpson v. State of Ohio, Bureau of Employment Services (Sept. 8, 1998), Franklin App. No. 98AP-364, unreported.
Judgment reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate procedure.
JAMES M. PORTER, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ___________________________________ JAMES D. SWEENEY, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1).