OPINION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas which dismissed an administrative appeal of a local health board's decision. Because we conclude that appellant failed to properly perfect his appeal, we affirm the judgment of the trial court.
Appellant, James Klorer, installs household sewage disposal systems and is licensed by the Lucas County Board of Health ("Board"). On April 9, 1998, a referee for the Board conducted a hearing concerning allegations that appellant had failed to correct two defectively installed disposal systems. On June 30, 1998, appellant received notice that the Board accepted the referee's recommendation to suspend appellant's license until the defective systems were corrected and for an additional three months thereafter. On July 13, 1998, appellant filed a notice of appeal and complaint with the Lucas County Court of Common Pleas; appellant had the clerk of courts serve copies of these pleadings on appellee.
On July 31, 1998, the Board moved to dismiss appellant's appeal for lack of jurisdiction, arguing that appellant had not filed his appeal with the Board, as required by R.C. 2505. On Feb. 10, 1999, the common pleas court granted the motion to dismiss.
Appellant now appeals, claiming that the trial court erred in dismissing his appeal because the Board's receipt of the notice of appeal via service from the court substantially complies with the statutory requirements.
We initially note that the trial court, as well as the parties, have proceeded on the assumption that R.C. 2505.04 sets forth the procedures concerning the filing of a notice of appeal in this case. However, R.C. 2505.03(B) states that an appeal is governed by that chapter, unless, "in the case of an administrative-related appeal, Chapter 119 or other sections of the Revised Code applies." Chapter 119, although similar in some sections to chapter R.C. 2505, specifically applies to appeals from administrative decisions of a state agency with the authority to issue, suspend, or revoke licenses. See R.C. 119.01
and 119.12; Plumbers Steamfitters Comm. v. Ohio Civil RightsComm. (1981), 66 Ohio St.2d 192, 193. Local health departments are agencies of the state with such licensing authority. SeeState ex. rel Mowrer v. Underwood (1940), 137 Ohio St. 1. Furthermore, the regulation of sewage disposal systems is governed by the "sanitary code," specifically O.A.C. 3701-29-05, a rule promulgated under R.C. Chapter 119. Therefore, although similar to R.C. 2505.04, R.C. 119.12 confers the right to appeal the suspension of appellant's license and governs the procedures in this case.
R.C. 119.12, provides, in pertinent part, that
 "[a]ny party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section." (Emphasis added.)
An appeal, the right to which is conferred by statute, can be perfected only by complying with the mandatory requirements prescribed by the governing statute. McCruter v. Board of Review
(1980), 64 Ohio St.2d 277, 279; Zier v. Bureau of UnemploymentCompensation (1949), 151 Ohio St. 123. Compliance with both statutory time and place designations is essential to invoke jurisdiction of the court. Zier, supra, at 125. Filing a notice of appeal only with the court of common pleas is insufficient to confer jurisdiction on that court. See Lucas Cty. Bd. of MentalRetardation v. Stills (Dec. 7, 1984), Lucas App. No. L-84-227, unreported; Bolt v. Bureau of Motor Vehicles (1974), 41 Ohio Misc. 139. Similarly, the mere forwarding of a copy of a notice of appeal by a court, pursuant to its routine administrative practice, is insufficient to confer jurisdiction on that court.COS, Inc. v. Liquor Control Comm. (Aug. 13, 1993), Lake App. No. 92-L-206, unreported.
In this case, appellant contends that the Board's use of a generic "RECEIVED" stamp was somehow prejudicial. However, we can find no evidence that the Board's actions hampered appellant's appeal attempt. It is undisputed that appellant did not file his notice of appeal with the Board. Consequently, the pleading filed by appellant with the common pleas court was not filed "in the place designated" by R.C. 119.12 and it cannot be considered as a notice of appeal sufficient to satisfy the jurisdictional prerequisite of the statute. Therefore, the court properly dismissed appellant's appeal for lack of jurisdiction.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.