DECISION
Appellant, Sally Childs, appeals from a judgment of the Franklin County Court of Common Pleas that affirmed a decision by appellee, the Oil Gas Commission ("commission"), that it lacked jurisdiction to hear her appeal because it had not been timely filed. Appellant sets forth the following assignment of error:
 THE OIL AND GAS COMMISSION AND THE COURT BELOW ERRED IN NOT FINDING THAT APPELLANT PROPERLY INVOKED THE JURISDICTION OF THE OIL AND GAS COMMISSION BY TIMELY FILING A NOTICE OF APPEAL DATED NOVEMBER 4, 1997, SENT BY FEDEX TO THE COMMON ADDRESS OF THE OIL AND GAS COMMISSION AND THE OIL AND GAS DIVISION.
At the outset, we note that our review of this matter is hampered by the limited record before this court. While the parties have asserted various facts in their briefs and at oral argument, many of these facts are not in evidence in the record.
On September 16, 1996, St. Croix Ltd., filed an application to drill an oil well in Summit County. Although the permit issued to St. Croix Ltd., is not part of the record, the commission in its order refers to it as being issued October 7, 1997. There is nothing in the record to establish when or how Mrs. Childs became aware of the issuance of the permit.
Mary Booth, an attorney employed by appellant's attorney, stated in an affidavit that, on November 3, 1997, in preparation for filing Mrs. Childs' appeal, she contacted Porter, Wright, Morris and Arthur, then the official address of the commission, to verify its address and was told by an unidentified person that:
 6. I phoned the office of Porter, Wright, Morris and Arthur to confirm its continuing official location for the board of review. I was advised by an answering individual that appeals should be forwarded to "Oil and Gas Commission, 4383 Fountain Square, B-3 Columbus, Ohio 43224[."]
Ms. Booth further stated in her affidavit:
 7. I relayed this information to Mr. Childs, who sent the attached appeal in two (2) envelopes, one (1) addressed to Oil and Gas Commission, and one (1) addressed to Oil and Gas Division, in one (1) Federal Express Package by attached air bill[.]
The record contains a copy of a FedEx envelope showing a mailing date of November 4, 1997, and an address of "Donald L. Mason, Chief, Oil Gas Commission, Oil Gas Division, 4383 Fountain Square B-3, Columbus, OH 43224." The record further contains the notice of appeal indicating it was received by the Oil Gas Division on November 4, 1997.
In its order issued November 4, 1998, the commission states it did not receive the notice of appeal until February 24, 1998; however, the record does not contain a notice of appeal other than the one received by the Oil Gas Division on November 4, 1997. The record contains no evidence as to how the commission received the notice of appeal. The commission found the appeal was not timely and dismissed it. This decision was affirmed by the trial court.
R.C. 1509.36 provides, in part[1]:
 Any person claiming to be aggrieved or adversely affected by an order by the chief of the division of oil and gas may appeal to the oil and gas commission for an order vacating or modifying such order.
***
 The appeal shall be in writing and shall set forth the order complained of and the grounds upon which the appeal is based. The appeal shall be filed with the commission within thirty days after the date upon which appellant received notice by registered mail of the making of the order complained of. Notice of the filing of the appeal shall be filed with the chief within three days after the appeal is filed with the commission.
Ohio Adm. Code 5909-1-01, in effect at the time appellant attempted to file her notice of appeal, provides:
 1509-1-01 Official address of the oil and gas board of review[2]
 The Oil and Gas Board of Review, State of Ohio, shall maintain its official office in Oil and Gas Board of Review George Hauswirth, Secretary, Porter, Wright, Morris and Arthur, 37 West Broad Street, Columbus, Ohio 43215.
Ohio Adm. Code 1509-1-03 provides, in part:
 Each appeal or other document required or permitted to be filed with the oil and gas commission under section 1590.36 of the Revised Code, and each notice of appeal or other document required or permitted to be filed with the oil and gas commission under section 1509.37 of the Revised Code, shall be filed at the official office of the oil and gas commission; and the filing thereof shall mean the actual delivery to the official office of the oil and gas commission of said appeal, notice of appeal or other document. ***
R.C. 1509.37 provides:
 Any party adversely affected by an order of the oil and gas commission may appeal to the court of common pleas of Franklin county. ***
***
 In the hearing of the appeal the court is confined to the record as certified to it by the commission. The court may grant a request for the admission of additional evidence when satisfied that the additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the commission. *** The hearing in the court shall proceed as in the trial of a civil action and the court shall determine the rights of the parties in accordance with the laws applicable to such an action. ***
 If the court finds that the order of the commission appealed from was lawful and reasonable, it shall affirm the order. If the court finds that the order was unreasonable or unlawful, it shall vacate the order and make the order that it finds the commission should have made. The judgment of the court is final unless reversed, vacated, or modified on appeal.
The standard of review of an appeal from the commission is whether the order was reasonable and lawful. Johnson v. Kell(1993), 89 Ohio App.3d 623. Unlawful is that which is not inaccordance with law, and unreasonable is that which has no factualfoundation. Citizens Commt. v. Williams (1977), 56 Ohio App.2d 61.
In Lorain City Bd. of Edn. v. State Emp. Relations Bd.
(1988), 40 Ohio St.3d 257, 260-261, the Ohio Supreme Court set forth the standard of review for an appellate court as follows:
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "`*** implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191, 193 ***. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St.2d 82 ***.
 The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.
On questions of law, however, the common pleas court does not exercise discretion and the court of appeals review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v.State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
Appellant argues that, by sending a notice of appeal to the Oil Gas Division and the Oil Gas Commission at the same address provided by someone at Porter, Wright, Morris and Arthur, she met the filing requirements as it was the duty of the recipient to be certain the notice of appeal was correctly and timely filed. The record does not contain a copy of a cover letter requesting that the recipient file a notice of appeal with the commission on her behalf. Appellant also argues that R.C.1.11, which provides that remedial laws are to be liberally construed to promote their objective and to assist parties in achieving justice is applicable to administrative appeals.
In Zier v. Bur. of Unemp. Comp. (1949), 151 Ohio St. 123, paragraph one of the syllabus, the court held:
 An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements.
The court further stated, at 125:
 *** No one would contend that a notice of appeal need not be filed within the time fixed by statute. Compliance with a requirement that a notice of appeal shall be filed within the time specified, in order to invoke jurisdiction, is no more essential than that the notice be filed at the place designated and that it be such in content as the statute requires. ***
See, also, Holmes v. Union Gospel Press (1980), 64 Ohio St.2d 187. Thus, R.C. 1.11 has no application to appellant's attempted appeal.
Appellant's reliance on Van Meter v. Segal-Schadel Co.
(1966), 5 Ohio St.2d 185, is misplaced, as the issue in Van Meter
was whether an appeal filed pursuant to R.C. 4141.28, which was required to be filed within ten days, was timely when the tenth day was a Saturday and appellant filed his notice of appeal on the following Monday. The court concluded that, in applying the general rules for computation of time, when the last day for filing was a Saturday, a filing on the next day would be considered timely.
Although appellant argues that it was the duty of the recipient of her notice of appeal to be certain it was timely and correctly filed with the commission, she has cited no law which places the duty on an administrative agency to assume the responsibility for timely filing a notice of appeal received by mail. Rather, pursuant to R.C. 1509.36 and Zier, responsibility for timely filing rests solely with the appellant. The mere act of placing a notice of appeal in the mail does not constitute compliance with the statutory requirement that the notice of appeal be timely filed. Harrison v. Ohio State Med. Bd. (1995),103 Ohio App.3d 317.
In addition to timely filing a notice of appeal, the obligation remains on appellant to ascertain the correct address of the agency and to direct the notice of appeal to that specific address. Zier. While the reasons for the commission's use of a private law firm as its official address are not in the record, appellant should have ascertained the address from the commission itself rather than relying on an unidentified person as to the correct address, particularly as estoppel does not apply against the state. Sun Refining Marketing Co. v. Brennan (1987),31 Ohio St.3d 306.
Given the apparent transitory nature of the official address of the commission, we can appreciate appellant's difficulty but, nonetheless, the statute poses a mandatory duty upon appellant to timely file a notice of appeal with the commission.[3] Therefore, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and DESHLER, JJ., concur.
[1] In addressing the issue in this appeal, we are not deciding whether granting a permit by the chief of the Oil Gas Division to drill an oil well is an order subject to appeal or whether Mrs. Childs has standing to appeal.
[2] The commission's official address is currently Vorys, Sater, Seymour and Pease.
[3] We note that R.C. 1509.36 provides an appeal from an order of the chief of the Oil Gas Division is not an exclusive remedy. See State ex rel. Fisher v. Nacelle Land Mgt. Corp. (1993),90 Ohio App.3d 93. As noted above, we do not decide whether the permit granted to St. Croix Ltd., is an order or whether Mrs. Childs has standing to contest the issuance of the permit.