OPINION
{¶ 1} Mr. Henley is appealing from the decision of the Common Pleas Court of Montgomery County, Ohio, holding it lacked jurisdiction to hear his appeal from the decision of the Ohio Real Estate Appraiser Board (Board), which found Henley in violation of one of the Board's regulations, and, therefore, suspended his license for sixty days and ordered additional continuing legal education.
 {¶ 2} Pursuant to R.C. 119.12, Henley is appealing his continuing education requirement in Franklin County Court of Common Pleas. This appeal concerns only his sixty-day suspension of license.
 {¶ 3} The Common Pleas Court found that Henley's appeal from the decision of the Board was untimely since it was filed with the Board on April 29, 2002, and the appeal time of fifteen days had expired on April 26, 2002. Prior to the decision of the court, Henley had filed a motion seeking a grant of judgment to him, which the trial court ignored and ruled directly on the issue of his untimely appeal.
 {¶ 4} Henley brings the following three assignments of error to us:
 {¶ 5} "1. The trial court erred in not granting appellant's motion for judgment pursuant to ORC 119.12.
 {¶ 6} "2. The complainant in this case lacked standing.
 {¶ 7} "3. Ohio Revised Code Section 119.12 is facially violative of the United States and Ohio Constitutions."
 {¶ 8} The procedure for appealing an adverse order of an administrative agency is codified in R.C. 119.12, which states:
 {¶ 9} "Any person adversely affected by an order of an agency issued pursuant to an adjudication . . . suspending a license . . .
 {¶ 10} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. . . . such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order provided in this section."
 {¶ 11} The trial court made the only correct decision it could make under the circumstances. The failure to file a notice of appeal with the Board within fifteen days after the Board mails its order is fatal to the appeal. Sun Refining Marketing Co. v. Brennan (1987),31 Ohio St.3d 306, 307. If notice of appeal is not timely filed with the Board within the specified time frame, then the court lacks jurisdiction to hear the appeal. Proctor v. Giles (1980), 61 Ohio St.2d 211, 214, 15 O.O.3d 227, 229; Todd v. Garnes (1975), 44 Ohio St.2d 56, 57, 73 O.O.2d 282, 282-283; Zier v. Bur. of Unemp. Comp. (1949), 151 Ohio St. 123,127, 38 O.O. 573, 574. Since Henley's appeal was not timely, his first two assignments of error are moot and are hereby overruled.
 {¶ 12} In Henley's third assignment of error, he raises a constitutional issue for the first time on appeal. It is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed. State v. Coleman (1988), 37 Ohio St.3d 286, 294; Merillat v.Fulton Cty. Bd. of Commrs. (1991), 73 Ohio App.3d 459, 463. On more than one occasion we have adhered to this rule. See e.g., Searcy v. SuperEight Motel (Mar. 2, 1994), Montgomery App. No. 14065. This rule applies to constitutional issues raised for the first time on appeal as well as to any other issue. State v. Awan (1986), 22 Ohio St.3d 120. Moats v.Metropolitan Bank of Lima (1974), 40 Ohio St.2d 47, 49. The third assignment of error is overruled.
 {¶ 13} The judgment is affirmed.
WOLFF, J. and GRADY, J., concur.