OPINION
{¶ 1} Appellant, Village of Hills Dales ("appellant" or "Village"), appeals from the decision of the Franklin County Court of Common Pleas, which dismissed appellant's appeal from a resolution of the Ohio State Board of Education ("Board") *Page 2 
denying a request to transfer property within the Village from the Plain Local School District ("Plain Local") to the Jackson Local School District ("Jackson Local"). For the following reasons, we affirm.
 {¶ 2} The transfer process began with the filing of a petition to transfer certain school district territory within the Village from Plain Local to Jackson Local pursuant to R.C. 3311.24. As required by statute, the petitioners represented at least 75 percent of the qualified electors residing within the territory proposed to be transferred.
 {¶ 3} In a letter dated May 21, 2004, counsel confirmed to appellee, the Ohio Department of Education ("Department"), his representation of "the petitioners from the Village of Hills Dales." In the letter, the petitioners requested a hearing on the petition.
 {¶ 4} The hearing commenced on March 16, 2005. Counsel appeared at the hearing and stated that he "represented] the petitioners." In his opening statement, the petitioners' counsel described how a group of parents within the Village began a petition effort. He also stated that "eventually the Village Council itself took on the financial burden of paying for this continued process."
 {¶ 5} Edward Schirack, a member of the Hills Dales Village Council, testified that the council had passed an ordinance to appropriate $20,000 for legal expenses related to the proposed property transfer, including the hiring of the petitioners' counsel as the Village's special counsel. The Village approved the transfer of funds after the petitioning citizens filed the petition with Plain Local. Harry MacNealy, mayor of the Village, attended the hearing, but did not testify. *Page 3 
 {¶ 6} Following the hearing, the hearing examiner recommended denial of the petition. Her report and recommendation identified the petitioners as "121 residents of the Village of Hills and Dales[.]" The Board thereafter passed a resolution accepting the recommendation and denying the proposed transfer.
 {¶ 7} On September 28, 2005, a notice of appeal was filed in the trial court. The case was captioned: "THE VILLAGE OF HILLS DALES" v. Ohio Department of Education. The notice stated: "[T]he Village of Hills Dales (the `Village') hereby appeals the resolution (the `Resolution') of the Ohio Department of Education (`ODE') denying the proposed transfer[.]" The notice used the term "Village" throughout and did not reference any other petitioners or residents of the Village. The civil case information form also identified the plaintiff/appellant as "The Village of Hills Dales."
 {¶ 8} Attorneys for Plain Local entered their appearance and identified opposing counsel as "Attorneys for Appellant, The Village of Hills Dales[.]" On November 14, 2005, Plain Local moved to dismiss the appeal on grounds that "the Village of Hills Dales lacks standing to initiate an appeal from" the transfer denial. The memorandum in support argued that the Village had not entered an appearance in the proceedings, was not a party adversely affected by the resolution, and, therefore, had no standing to appeal the denial under R.C. 119.12. The memorandum also argued that none of the actual parties — the 121 resident petitioners, Plain Local, Jackson Local, and the Board — were named in the caption or the body of the notice of appeal. For this latter failure, Plain Local argued, the notice was defective and should be dismissed. Plain Local also moved to intervene in the appeal. *Page 4 
 {¶ 9} On December 21, 2005, "Appellant Village of Hills Dales" filed a document entitled: "APPELLANT VILLAGE OF HILLS DALES' MEMORANDUM CONTRA MOTION TO DISMISS, MOTION TO STRIKE MOTION TO DISMISS, AND MOTION FOR LEAVE TO AMEND NOTICE OF APPEAL OR, IN THE ALTERNATIVE, TO SUBSTITUTE PARTIES[.]" By this filing, the Village sought to strike Plain Local's motion to dismiss because Plain Local was not a party. But to the extent the court entertained Plain Local's motion, the Village asked the court to deny dismissal based on the alleged "defects" in its notice of appeal.
 {¶ 10} From the outset of its memorandum contra, the Village characterized its identification of the appellant as an "inadvertent misidentification of the appellant," a defect it described as curable, rather than fatal. The Village argued that it had met the jurisdictional requirements of R.C. 119.12 by filing a timely notice of appeal with the Department and the trial court. The Village further argued that the inadvertent misidentification of the appellant did not warrant dismissal. The Village argued, in pertinent part:
 The true appellants in this administrative appeal are the "121 Residents of the Village of Hills Dales," who initiated the territory transfer request under R.C. 3311.24 (the "Petitioners"). These appellants were inadvertently misidentified in the Notice of Appeal as the Village of Hills Dales due to the parties' erroneous captioning of the case at the administrative level.
 {¶ 11} The Village asked the court to amend the notice of appeal, pursuant to App.R. 3(F), to reflect the proper appellants. In the alternative, the Village asked the court to substitute the proper parties under Civ.R. 17(A). These changes, appellant *Page 5 
argued, would not add any new party not already engaged in the appeal, require the appearance of new counsel or affect the briefing schedule.
 {¶ 12} As to the other parties, the Village argued that the Department was the proper appellee and that Plain Local and Jackson Local were not necessary parties to the appeal. On January 11, 2006, counsel for "Appellant of Village Hills Dales and Proposed Appellants 121 Residents of the Village of Hills Dales" filed a brief on the merits of the appeal.
 {¶ 13} The Village eventually removed any opposition to the intervention of Plain Local, and, by agreed entry, the court allowed Plain Local to intervene as an appellee. The Board also entered an appearance as an appellee and moved to dismiss the appeal for the reasons given by Plain Local. (Hereinafter, we refer to Plain Local and the Board, collectively, as "appellees.")
 {¶ 14} On November 8, 2006, the trial court issued decisions and entries granting appellees' motions to dismiss the appeal and denying appellant's motion for leave to amend the notice of appeal or, in the alternative, to substitute parties. In its decision, the trial court confirmed that the Village had not been a party to the proceedings below and, therefore, had no standing to appeal the denial of the transfer. Further, the court concluded that the Village could not amend the notice of appeal because a notice of appeal could only be amended within the time for filing the notice. Because the Village sought to amend the notice at a time outside the original 15-day filing requirement, the court found, its motion to amend and/or substitute parties could not be granted. Accordingly, the court dismissed the case for lack of subject-matter jurisdiction.
 {¶ 15} On appeal, appellant raises the following assignments of error: *Page 6 
 ASSIGNMENT OF ERROR NO. 1. The Court of Common Pleas erred in its November 15, 2006 entry dismissing the administrative appeal for lack of subject matter jurisdiction.
 ASSIGNMENT OF ERROR NO. 2. The Court of Common Pleas erred in its November 15, 2006 entry denying Appellant's Motion for Leave to Substitute Parties.
 {¶ 16} We begin with appellant's first assignment of error, which asserts that the trial court erred in determining that it lacked subject-matter jurisdiction over the appeal. Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action. Morrison v.Steiner (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. The question of subject-matter jurisdiction is a question of law we review de novo. Yusuf v. Omar, Franklin App. No. 06AP-416, 2006-Ohio-6657, at ¶ 7. In doing so, we begin with the statutory scheme.
 {¶ 17} R.C. 3311.24(A) grants to the Board the discretion to approve or disapprove a proposed transfer of territory from one school district to another. Pursuant to this authority, the Board disapproved the residents' proposal to transfer the territory within the Village from Plain Local to Jackson Local.
 {¶ 18} The Board's denial of the proposed transfer was appealable to the common pleas court under R.C. 119.12. Rossford Exempted VillageSchool Dist. v. State Bd. of Edn. (1989), 45 Ohio St.3d 356,544 N.E.2d 651, syllabus. R.C. 119.12 provides, in pertinent part:
 Any party adversely affected by any order of an agency issued pursuant to any [adjudication not otherwise identified in R.C. 119.12] may appeal to the court of common pleas of Franklin county * * *. *Page 7 
 * * *
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of the notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.
 {¶ 19} Where a statute confers the right of appeal, an appeal may be perfected only in the manner prescribed by statute. CHS-Windsor, Inc. v.Ohio Dept. of Job Family Servs., Franklin App. No. 05AP-909,2006-Ohio-2446, at ¶ 6, citing Zier v. Bur. of Unemployment Comp.
(1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, paragraph one of the syllabus. Ohio courts have consistently held that "a party adversely affected by an agency decision must * * * strictly comply with R.C.119.12 in order to perfect an appeal." Hughes v. Ohio Dept. ofCommerce, 114 Ohio St.3d 47, 52, 2007-Ohio-2877, 868 N.E.2d 246, at ¶ 17.
 {¶ 20} Under the plain terms of R.C. 119.12, proper filing includes a requirement that the appeal be filed by a party "adversely affected by any order of an agency[.]" In this case, the filing of an appeal in the name of the Village of Hills Dales did not meet this requirement since, as admitted by appellant, the Village was not a party adversely affected by the appellee's decision because it was not and could not have been a party to the proceedings before the agency. Consequently, the notice of appeal filed in the Franklin County Court of Common Pleas did not properly invoke that court's subject-matter jurisdiction. *Page 8 
 {¶ 21} The issue then becomes whether the notice of appeal could have been amended to name the 121 petitioners as appellants rather than the Village. R.C. 119.12 contains no provision allowing a party to amend a notice of appeal once it has been filed with the court of common pleas. However, we have previously held that, under the plain language of R.C.119.12, amendments to a notice of appeal filed pursuant to that section can be made during the 15-day period following the mailing of the adjudication order by the agency. CHS-Windsor, Inc. v. Ohio Dept. of Job Family Servs., supra.
 {¶ 22} In this case, the motion to amend the notice of appeal to name the 121 petitioners as appellants was made outside the 15-day period during which the notice had to be filed. Consequently, the trial court correctly determined that the amendment could not be made.
 {¶ 23} Thus, we conclude that the notice of appeal filed in the name of the Village did not properly invoke the subject-matter jurisdiction of the Franklin County Court of Common Pleas because it was not filed by a party adversely affected by an agency's action, and the notice was not amended to name such a party within the 15-day period during which an amended notice could have been filed. Therefore, we overrule appellant's first assignment of error.
 {¶ 24} In its second assignment of error, the Village also argues that it should have been allowed to substitute the 121 petitioners as a party to the action. The Village argues that such a substitution should have been allowed under Civ.R. 17(A). However, the trial court's lack of subject-matter jurisdiction makes it unnecessary for us to determine whether Civ.R. 17(A) provides a mechanism to allow substitution of parties *Page 9 
in an appeal filed under R.C. 119. Consequently, we overrule appellant's second assignment of error as moot.
 {¶ 25} Having overruled appellant's first assignment of error and overruled appellant's second assignment of error as moot, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 KLATT, J., concurs. FRENCH, J., dissents.