OPINION *Page 2 
{¶ 1} Defendant CMA CGM (America), Inc. appeals a judgment of the Municipal Court of Massillon, Stark County, Ohio, which overruled its motion to vacate the default judgment taken against it by plaintiff-appellee Royal International LLC. Appellant assigns two errors to the trial court:
 {¶ 2} "I. LACK OF SUBJECT MATTER JURISDICTION — THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE THE DEFAULT JUDGMENT WHERE FEDERAL MARITIME LAW GOVERNS THIS ACTION, APPELLEE'S CLAIM WAS TIME-BARRED WHEN IT WAS FILED, THIS COURT LACKED THE REQUISITE SUBJECT MATTER JURISDICTION TO ENTER A DEFAULT JUDGMENT AGAINST APPELLANT AND THE LACK OF SUBJECT MATTER JURISDICTION DEFENSE WAS NOT WAIVABLE.
 {¶ 3} "II. RELIEF FROM DEFAULT JUDGMENT UNDER CIV. R. 60 (B) THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE THE DEFAULT JUDGMENT BECAUSE APPELLANT IS ENTITLED TO RELIEF FROM DEFAULT JUDGMENT UNDER CIV. R. 60 (B) WHERE APPELLANT HAS SEVERAL MERITORIOUS DEFENSES, APPELLANT'S NEGLECT WAS EXCUSABLE AND SUBSTANTIAL GROUNDS EXIST ENTITLING APPELLANT TO RELIEF UNDER CIV. R. 60 (B)(5), AND APPELLANT'S MOTION TO VACATE WAS MADE WITHIN A REASONABLE TIME."
 {¶ 4} The record indicates Royal brought suit against Appellant for damage to property shipped to Royal from India. Appellant did not file an answer or otherwise *Page 3 
appear and on July 12, 2006, Royal took a default judgment against it for the value of the damaged property, $10,566.65 plus interest from January 14, 2006.
 {¶ 5} On March 5, 2007, Appellant filed its motion for relief from judgment. Supporting the motion was the affidavit of Marc Marling, who acknowledged Appellant was served with a summons and complaint. Marling stated Appellant was not the proper party, but had forwarded the complaint and summons to CMA CGM S.A. in Marseilles, France. Marling's affidavit states Appellant took no further action because it believed Royal's claim was time barred by the statute of limitations, because it was not a party to the bill of lading or contract of carriage, and was not brought in the proper forum. Also attached to the motion to vacate is the bill of lading, the report of the investigator regarding the damage to the goods, and the affidavit of Thomas Wynne, Appellant's attorney.
 {¶ 6} The trial court overruled the motion to vacate and this appeal ensued.
 I. {¶ 7} In its first assignment of error, Appellant argues the trial court lacked subject matter jurisdiction, because the statute of limitations had run on Royal's claim before it filed the complaint. CMA argues the dispute is controlled by COGSA, the Carriage of Goods by Sea Act, 46 U.S.C. Sections 1300-1315. COGSA provides for a statute of limitations of one year, and Appellant argues the statute of limitations is jurisdictional.
 {¶ 8} CMA cites us to two cases. In the first, Cargill FerrousInternational v. M/V Elikon (1994), 857 F. Supp. 45, the District Court for the Northern District of Illinois, Eastern Division, reviewed a matter brought for damage to steel coils during shipment *Page 4 
from Brazil to Chicago. The claimant did not file suit until one year and one day after the cargo had been completely unloaded. The issue before the court was when delivery was completed, which triggered the running of the statute of limitations. The court found the statute of limitations was reasonable, and had run prior to the filing of the suit. The court entered summary judgment on behalf of the defendants.
 {¶ 9} The Cargill court refers to the second case CMA has cited,Capitol Leasing Company v. Federal Deposit Insurance Corporation
(7th Cir. 1993), 999 F. 2d 188, for the proposition that even if a plaintiff files suit only a short time after the expiration of the limitations period, dismissal is warranted for lack of subject matter jurisdiction. Cargill at 48. Cargill quotes the Capitol case completely out of context.
 {¶ 10} In Capitol, the plaintiff had leased computer equipment to the Cosmopolitan National Bank of Chicago. The bank failed in 1991, and the Federal Deposit Insurance Corporation took over as receiver. The FDIC notified Cosmopolitan's creditors any claims against the bank must be filed no later than August 21, 1991. The claim was not governed by COGSA, but rather 12 U.S.C. Section 1821, the Financial Institutions Reform Recovery Enforcement Act of 1989.
 {¶ 11} The plaintiff filed its proof of claim in a timely manner, and the FDIC disallowed it. The plaintiff denied ever receiving notice of the disallowance, which advised any appeal from the FDIC decision must be made within 60 days from the date of the letter. The plaintiff filed suit 86 days after the FDIC had denied its claim, and the district court dismissed the action, finding it was time barred. The appellate court affirmed the dismissal, noting the statute provides for agency review or judicial determination of claims. *Page 5 
 {¶ 12} In Zeir v. Bureau of Unemployment Compensation (1949),151 Ohio St. 123, 84 N.E. 2d 746, the Ohio Supreme Court held "an appeal, the right to which is conferred by the statute, can be perfected only in the mode prescribed by statute. The exercise of the right confirmed is conditioned upon compliance with the accompanying mandatory requirements." Syllabus by the court, paragraph one.
 {¶ 13} The Supreme Court found compliance with the specific and mandatory requirements is essential to invoke the jurisdiction of the reviewing court, syllabus by the court, paragraph two, citation deleted. We find where a claimant seeks appellate review of an agency decision the time limits are jurisdictional, but the same is not true of a court of original jurisdiction. We conclude the Capitol case is inapplicable here, and the COGSA one year statue of limitations is not jurisdictional. The Municipal Court had subject matter jurisdiction.
 {¶ 14} The first assignment of error is overruled.
 II. {¶ 15} In its second assignment of error, CMA argues the court should have granted its motion to vacate the judgment pursuant to Civ. R. 60 (B). Our standard of reviewing the court's decision is the abuse of discretion standard, see Griffey v. Rajan (1987), 33 Ohio St. 3d 75. The Supreme Court has repeatedly defined the term abuse of discretion as indicating the court's decision was unreasonable, arbitrary or unconscionable, see, e.g., Blakemore v. Blakemore (1983),5 Ohio St. 3d 217.
 {¶ 16} Civ. R. 60 (B) provides in pertinent part:
 {¶ 17} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following *Page 6 
reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
 {¶ 18} A party seeking relief from a default judgment pursuant to Civ. R. 60 (B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the Rule, and (3) the motion is timely filed, GTE Automatic Electric, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St. 2d 146.
 {¶ 19} Here, Appellant lists a number of defenses, including statute of limitations, improper party, improper forum, and failure to mitigate. This meets the first prong of GTE. Appellant argues it is entitled to relief under Civ. R.60 (B)(1) and (5).
 {¶ 20} Appellant argues it is entitled to relief under Civ. R. 60 (B)(1), because, it argues, its neglect in failing to respond to the complaint was excusable.
 {¶ 21} In Kay v. Marc Glassman, Inc. (1996), 76 Ohio St. 3d 18, the Ohio Supreme Court noted Civ. R. 60 (B) is a remedial rule to be liberally construed to serve the ends of justice, Glassman at 19, citingColley v. Bazell (1980), 64 Ohio St. 2d. 243. The Glassman court explained the term "excusable neglect" is an elusive concept *Page 7 
difficult to define and to apply. The court defined the term "excusable neglect" in the negative, and held the inaction of a defendant is not excusable neglect if it can be labeled as a complete disregard for the judicial system, Glassman at 20, citing GTE, supra, and Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St. 3d 17.
 {¶ 22} Appellant also argues it is entitled to relief under Civ. R. 60 (B)(5). This sub-section is "* * * intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." Caruso-Ciresi, Inc.v. Lohman (1983),5 Ohio St. 3d 64. Appellant repeats its defenses as reasons the trial court should have granted its motion for relief from judgment under Civ. R. 60 (B)(5).
 {¶ 23} Appellant's defenses arguably could have resulted in a different outcome in the trial court. However, Appellant's failure to appear and inform the trial court of these defenses in answer to the complaint was not excusable neglect. Appellant simply passed the matter off and ignored its responsibility to the court, demonstrating a complete disregard for the judicial system. It is not unjust for Appellant to be bound by the consequences of its inaction. We conclude Appellant failed to satisfy the second prong of the GTE case, and the trial court did not abuse its discretion in overruling its Civ. R. 60 (B) motion for relief from the default judgment.
 {¶ 24} The second assignment of error is overruled. *Page 8 
 {¶ 25} For the foregoing reasons, the judgment of the Municipal Court of Massillon, Stark County, Ohio, is affirmed.
 Gwin, P.J., Farmer, J., and Edwards, J., concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Massillon, Stark County, Ohio, is affirmed. Costs to appellant. *Page 1