O’Donnell, J.,
dissenting.
{¶ 28} I respectfully dissent. The majority opinion takes a dramatic step away from strict statutory construction and, rather than interpreting the words used in R.C. 119.12, simply adds its own requirement to the statute, thereby creating a wholly new procedure for filing a notice of appeal in these kinds of cases.
{¶ 29} The majority also fails to set forth the degree of specificity it requires to identify a legal or factual error in a notice of appeal. Here, for example, MedCorp’s notice stated that MedCorp appealed because “[t]he Adjudication Order [was] not in accordance with law and [was] not supported by reliable, probative, and substantial evidence.” Is a specific statutory reference, or perhaps a case citation, necessary to meet the majority’s “specific legal or factual errors” standard? Courts use standards such as “contrary to law” in all manner of cases and with good reason: the parties convey a specific legal thought with such expressions.
*629 {¶ 30} R.C. 119.12 does not set forth the “specificity” requirement imposed by the majority. Rather, it calls for the notice of appeal to identify only the order appealed from and the “grounds” of the party’s appeal. It says nothing about legal or factual errors. Thus, in my view, an appeal may be taken on procedural or constitutional grounds by using the words “not in accordance with law,” as MedCorp sought to do here.
{¶ 31} In Zier v. Bur. of Unemployment. Comp. (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, we held that a notice of appeal stating that the appellant appealed “in accordance with his right to appeal under Section 1346M of the General Code” failed to “ ‘set forth the decision appealed from and the errors therein complained of ” and therefore failed to confer jurisdiction upon the court of common pleas. (Emphasis added.) Zier at 124, 126-127, 38 O.O. 573, 84 N.E.2d 746, quoting Section 1346-4, General Code.
{¶ 32} However, the terms “grounds” and “errors” are not synonymous. Black’s Law Dictionary (8th Ed. 2004) defines “ground” as “[t]he reason or point that something (as a legal claim or argument) relies on for validity < grounds for divorce> <several grounds for appeal>.” Id. at 723. In contrast, it defines “error” as “[a] mistake of law or of fact in a tribunal’s judgment, opinion, or order,” id. at 582, and further defines “assignment of error” as “[a] specification of the trial court’s alleged errors on which the appellant relies in seeking an appellate court’s reversal, vacation, or modification of an adverse judgment,” id. at 129. Thus, “errors” are more specific than “grounds.”
{¶ 33} Here, in stating that “[t]he Adjudication Order is not in accordance with law and is not supported by reliable, probative, and substantial evidence,” MedCorp stated grounds for its appeal. Although it could have stated those grounds with more specificity, giving facts to demonstrate how the order was not in accordance with law and how it was not supported by the evidence, the plain language of the statute does not require it to do so.
{¶ 34} Tinkering with statutes as the majority has chosen to do here only complicates the practice of law for practitioners, who rely on the words used by the legislature to determine what they must do to properly file a notice of appeal. R.C. 119.12 does not require an appellant to identify a specific legal or factual error, nor does it call for a party to “designate precise errors,” majority opinion at ¶ 21, in its notice of appeal. The majority’s decision to insert these requirements into this statute prevents me from joining it. I would urge the General Assembly to clarify its intent with regard to this important area of law.
Pfeifer, J., concurs in the foregoing opinion.
*630 Geoffrey E. Webster, J. Randall Richards, and Eric B. Hershberger, for appellee.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Stephen P. Carney, Deputy Solicitor, and Ara Mekhjian, Assistant Attorney General, for appellant.