OPINION
{¶ 1} Appellant, Geauga County Sheriff Dan McClelland ("McClelland"), appeals the November 16, 2004 judgment entry of the Geauga County Court of Common Pleas in an administrative appeal, reversing McClelland's denial of a license to carry a concealed weapon to appellee, Michael H. Forster ("Forster"). For the following reasons, we reverse the decision of the court below.
 {¶ 2} On April 28, 2004, Forster submitted an application for a license to carry a concealed handgun to the Geauga County Sheriff's Office pursuant to R.C. 2923.125. Forster reported in the application that he had a prior conviction for receiving stolen property and that the conviction had been subsequently expunged. A BCI records check revealed Forster had been convicted in Cuyahoga County of receiving stolen property, a fourth degree felony, in 1979. On May 8, 2000, the Cuyahoga County Court of Common Pleas entered a Judgment of Expungement of Conviction, ordering that "all official records pertaining to this case * * * be sealed."
 {¶ 3} On May 25, 2004, McClelland notified Forster by certified mail that his application had been denied on the grounds that Forster was disqualified from obtaining a license by his prior receiving stolen property conviction. Forster filed an administrative appeal in common pleas court pursuant to R.C. 119.12.
 {¶ 4} On November 16, 2004, the common pleas court reversed McClelland's decision and ordered McClelland to issue Forster a license to carry a concealed weapon. This appeal timely follows.
 {¶ 5} McClelland raises the following assignment of error: "The trial court erred in deciding that sealed records cannot be accessed by law enforcement personnel for purposes of determining eligibility pursuant to R.C. 2923.125." McClelland's assignment of error misstates the trial court's ruling. The trial court did not rule that sealed records could not be accessed by law enforcement personnel to determine eligibility, rather, the trial court held that Forster's "sealed record may not be used to deny the * * * application." We shall consider the appeal accordingly.
 {¶ 6} Revised Code 119.12 provides that "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication * * * denying the issuance * * * of a license * * * may appeal from the order of the agency to the court of common pleas of * * * the county in which the licensee is a resident." In the absence of "reliable, probative, and substantial evidence" supporting the agency's order, the trial court "may reverse, vacate, or modify the order and make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with the law." Id.
 {¶ 7} The trial court's ruling may be appealed by either party "as in the case of appeals in civil actions." R.C. 119.12. "While the determination to be made by the court of common pleas is based on whether there is reliable, probative and substantial evidence to support the board's finding, the standard of review to be applied by this court is whether the court of common pleas abused its discretion in making that determination." Kennedy v. Marion Correctional Institution,69 Ohio St.3d 20, 21-22, 1994-Ohio-83 (citations omitted).
 {¶ 8} Amended Substitute House Bill 12, effective April 8, 2004, made it possible for citizens of Ohio to obtain a license to carry concealed handguns. Pursuant to R.C. 2923.125(D)(1)(e), a license applicant who has been convicted of a felony may not be issued a license.
 {¶ 9} Pursuant to R.C 2953.33(B), a person, whose criminal conviction has been ordered to be sealed, may not "be questioned" with respect to that conviction "[i]n any application for employment, license, or other right or privilege."
 {¶ 10} The question before this court is whether Forster's prior, sealed felony conviction prevents him from obtaining a license to carry a concealed handgun. We hold that it does.
 {¶ 11} When an applicant for a concealed carry license submits his application, the sheriff of the county "shall conduct or cause to be conducted the criminal records check * * * described in section 311.41 of the Revised Code" for the purpose of "determin[ing] whether the applicant fails to meet the criteria described in division (D)(1) of section 2923.125
of the Revised Code." R.C. 2923.125(C) and R.C. 311.41(A)(1). In an amendment to the sealed records statute effected by Am.Sub.H.B. 12, the "[i]nspection of sealed records * * * may be made * * * by * * * a sheriff * * * in connection with a criminal records check described in section 311.41 of the Revised Code." R.C. 2953.32(D)(10). Reading these statutes in pari materia, a sheriff is authorized to inspect an applicant's sealed criminal record to determine whether the applicant meets qualifications for a license to carry a concealed handgun, in particular the requirement that the applicant "not have been convicted of * * * a felony." R.C. 2923.125(D)(1)(e).
 {¶ 12} Although this is a question of first impression in this state, the Ohio Attorney General issued an opinion regarding this matter, the syllabus of which provides: "A county sheriff may not issue a license to carry a concealed handgun under R.C. 2923.125 to a person who has been convicted of or pleaded guilty to an offense described in either R.C.2923.125(D)(1)(e) or R.C. 2923.125(D)(1)(f) even though a court has entered an order under R.C. 2953.32 sealing the official records pertaining to the conviction or guilty plea." 2004 Ohio Atty.Gen.Ops. No. 2004-038, at syllabus. The Attorney General's opinion cites to several instances where agencies responsible for issuing or revoking licenses may base their decisions upon records of convictions that have been ordered sealed by a court. Id. at 11-12. See, e.g. State v. Bissantz (1988),40 Ohio St.3d 112, paragraph two of the syllabus (holding that "person convicted of bribery in office * * * is forever barred from holding public office [pursuant to R.C. 2921.02(F)], even where such conviction is subsequently expunged pursuant to R.C. 2953.31 et seq."); Szep v. OhioState Bd. of Pharmacy (1995), 106 Ohio App.3d 621, 625-626 (where the expungement statute provides "an exception to the general rule that if a conviction is expunged, it will be treated as if it never existed," the state board "is allowed to base its denial of [an] application upon the existence of the expunged conviction").
 {¶ 13} Forster argues that the concealed carry statute is silent regarding what effect a sealed record has on an applicant's eligibility and that "the legislature could easily have inserted language which would render an order sealing the record of no effect with respect to an application for a concealed carry permit." As we construe the relevant statutes, the legislature, by allowing the sheriff access to sealed records for the purpose of "determin[ing] whether the applicant fails to meet the criteria described in division (D)(1) of section 2923.125 of the Revised Code," has, in effect, rendered an order sealing the record of no effect when considering an applicant's eligibility. Cf. State v. Wilson,77 Ohio St.3d 334, 336-337, 1997-Ohio-35 ("[i]n looking to the face of a statute * * * to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible") (citation omitted).
 {¶ 14} The interplay between R.C. 2953.33 and R.C. 2923.125, at best, is confusing. However, if the Legislature intended Section 2953.33 to override the priorfelony prohibition to the issuance of a concealed carry permit in R.C. 2923.125(D)(1)(e), the Legislature would not have added Section (D)(10) to R.C. 2953.32. Subsection (D)(10) authorizes a sheriff's inspection of sealed records for purposes of determining whether an applicant for a concealed carry permit has been convicted of a felony.
 {¶ 15} The non-violent nature of applicant's twenty-five year old, fourth degree felony and the court's sealing of that conviction appear to mitigate against the use of that conviction as a bar to the issuance of a permit to appellant pursuant to R.C. 2923.125. That statute, however, does not permit any such mitigation, because the felony prohibition in that statute, on its face, applies to all felonies, regardless of the time since conviction, violent nature, degree, or subsequent expungement. While the absolute nature of R.C. 2923.125(D)(1)(e), as written and applied to appellant in this case, appears inequitable in this case, we must defer to the Legislature to address this issue.
 {¶ 16} Accordingly, the trial court abused its discretion in its "conclusions of law" by ruling that a sealed record may not be used to deny an application for a concealed carry license. McClelland's assignment of error has merit. The decision of the Geauga County Court of Common Pleas is reversed and judgment entered for appellant.
Ford, P.J., Rice, J., concur.