JOURNAL ENTRY and OPINION
{¶ 1} In this administrative appeal brought pursuant to R.C.119.12, the Ohio Department of Commerce, Division of Financial Institutions ("the DFI"), appeals from the judgment of the Cuyahoga County Court of Common Pleas which reversed the DFI's decision to deny a loan officer's license to appellee Salvatore Bellante and ordered the DFI to grant Bellante a "provisional license" for the period of one year. The trial court additionally ordered the DFI to issue a full license to Bellante if, upon the expiration of that period, he demonstrated he had "operated an honest business in originating loans."
 {¶ 2} The DFI asserts the trial court's judgment is an abuse of discretion. It argues that its denial of a license to Bellante is supported by reliable, substantial and probative evidence, and, further, that the order to issue a "provisional license" is contrary to law.
 {¶ 3} Upon a review of the record, this court agrees with the DFI's first assertion; its second assertion is thus moot. The trial court's judgment is reversed, and judgment is entered for the DFI.
 {¶ 4} The record reflects that, after obtaining a minority ownership of the Lansing Mortgage Company and working there as a "mortgage loan officer"[1] for a period of time, Bellante submitted to the DFI an application for a loan officer's license. The application form was accompanied by a letter titled "EXPLANATION AND INSTRUCTIONS." The letter advised Bellante to become familiar with the Ohio Mortgage Broker Act, which explains the criteria for determining license qualifications, because the DFI "must be convinced that the applicant's character and general fitness will command the confidence of the public and warrant the belief that the Loan Officer will operate honestly * * *."
 {¶ 5} In bold typeface, the letter continued as follows: "You must answer each question on th[e] application fully and truthfully. Any omission, untruthful answer or incomplete answer may result in you being denied the privilege of obtaining a Mortgage Loan Officer License * * *. Questions 2 through 6 must be fully answered regardless of dismissals or similar terminations, and must include all * * * legal proceedings occurring in any court in any jurisdiction. This includes any matter dismissed favorably to you * * *."
 {¶ 6} In the next paragraph, Bellante was advised that if he had "any doubts about whether any matter should be reported on th[e] application, report it."
 {¶ 7} The application form itself contained a list of questions as required by R.C. Chapter 1322. Number 5 asked the applicant the following:
 {¶ 8} "Have you or has any company for which you have been an officer, or more than 5% owner or director, ever been convicted of any criminal offense? Exclude minor misdemeanor traffic and parking offenses. (DUIs and DWIs are criminal offenses.)
 {¶ 9} "If yes, submit a detailed explanation of the facts and circumstances, (sic) which gave rise to each charge and a certified copy of the journal entry evidencing the disposition of each charge." (Emphasis in original.)
 {¶ 10} The form concluded with an attestation in which the applicant states, "I hereby swear or affirm that I have completed the foregoing Loan Officer Application fully and frankly," and "[t]he answers are complete and true of my own knowledge."
 {¶ 11} Bellante answered Question Number 5 "No." He completed the attestation and sent the form to the DFI. Subsequently, the DFI notified him of its intent to deny his loan officer license application.
 {¶ 12} The DFI stated as the basis of its intent that an investigation of Bellante had shown he had three previous misdemeanor convictions, viz., two convictions for menacing and one conviction for trespass, but that he nevertheless had attested to the information he provided on his application, which was untruthful. The DFI determined that Bellante's actions violated R.C. 1322.041(A)(5)[2] and R.C. 1322.07 (A) through (C).[3]
 {¶ 13} Once he received the notification, Bellante requested a hearing pursuant to R.C. Chapter 119. Prior to the hearing, he also submitted the required information concerning his criminal convictions he had omitted from his original application.
 {¶ 14} Bellante testified at the hearing. He admitted answering "No" to Question 5. Bellante stated he omitted the information because he believed the convictions all had been expunged. He could not, however, remember either the name of the attorney who promised to "take care of it" or receiving any notice of expungement. He also admitted he did no research to ensure his answer to Question 5 was correct.
 {¶ 15} Bellante presented the testimony of two "character" witnesses at the hearing. One was an employee, and the other was his business partner. He also submitted letters of recommendation from three persons who could be considered leaders of the community in his area.
 {¶ 16} Thereafter, the hearing officer issued his report in which he recommended the denial of Bellante's application. The hearing officer's "conclusions of law" were the following: Bellante's conduct established a statutory rationale for denying his application; the DFI's documentation established a sufficient and reasonable basis to deny the application; and, the documentation and the record of the hearing supported the denial.
 {¶ 17} The hearing officer indicated Bellante's own testimony supported a conclusion his character would neither "command the confidence of the public" nor "warrant the belief [his] business w[ould] be operated honestly * * *." The hearing officer indicated he gave Bellante's character witnesses' testimony little weight because of their business reliance upon him.
 {¶ 18} The DFI eventually overruled Bellante's objections to the report and denied his application. Bellante then filed an appeal pursuant to R.C. 119.12 in the trial court.
 {¶ 19} After considering the record and the briefs of the parties, the trial court issued a judgment entry in which it reversed the DFI's denial and ordered the DFI to issue a "provisional" license to Bellante "with a probationary period to end one year from the date of issue upon a showing by * * * Bellante that he has operated an honest business in originating loans."
 {¶ 20} The DFI appeals from the trial court's judgment with the following two assignments of error:
 {¶ 21} "I. The common pleas court erred as a matter of law by ordering the Ohio Department of Commerce, Division of Financial Institutions to issue Salvatore Bellante a "provisional" loan officer license with a one-year probationary period, as R.C. Chapter 1322 provides only for the issuance of a non-conditional loan officer license.
 {¶ 22} "II. The common pleas court's order requiring the Ohio Department of Commerce, Division of Financial Institutions to issue Salvatore Bellante a "provisional" loan officer license with a one-year probationary period was not warranted under the governing standard of review and constitutes an abuse of discretion."
 {¶ 23} The DFI argues in its first assignment of error that the trial court abused its discretion in reversing the denial of Bellante's license application, because the decision to deny was supported by the evidence in the record. This court agrees.
 {¶ 24} When the trial court reviews an order of an administrative agency, the court must consider the entire record to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law.Yaghmaee v. Ohio State Chiropractic Board, Franklin App. No. 04-AP-302, 2004-Ohio-302, citing Lies v. Veterinary Med. Bd.
(1981), 2 Ohio App.3d 204, 207. The appellate court's review is more limited; this court determines only if the trial court has abused its discretion. Pons v. Ohio State Medical Bd.,66 Ohio St.3d 619, 1993-Ohio-122. In this case, the trial court abused its discretion.
 {¶ 25} The record reflects the agency's decision to deny Bellante's application was supported by the evidence. Bellante admitted he answered "No" to the Loan Application's Question 5. He further admitted that, despite this answer, he had been convicted in 1998 in the Lyndhurst Municipal Court of three separate misdemeanor offenses. His answer, therefore, was false.
 {¶ 26} Although Bellante claimed his answer merely was "negligent" because he believed he was not required to report these convictions, the evidence demonstrated otherwise. The instructions letter that accompanied the Application could not have been clearer, since its language regarding legal actions was not only set forth in bold typeface, but also was inclusive.Szep v. Ohio State Bd. of Pharmacy (1995), 106 Ohio App.3d 621.
 {¶ 27} Moreover, Bellante stated he knew the licensing requirements, and additionally stated that he "did look into the law on" expungement, "and it said that * * * you are allowed one." See, R.C. 2953.32(A)(1), R.C. 2953.31(A). Since he had three convictions that related to two separate incidents, he thereby implicitly acknowledged his answer to Question 5 consciously was dishonest.
 {¶ 28} R.C. 1322.041 charges the DFI to consider the character of a loan officer applicant for honesty. The substantial, reliable and probative evidence contained in the record supports the DFI's conclusion that Bellante demonstrated a lack in this regard. Consequently, the trial court's order reversing the DFI's decision constituted an abuse of discretion.
 {¶ 29} For the foregoing reasons, the DFI's first assignment of error is sustained.
 {¶ 30} Under these circumstances, the issue the DFI raises in its second assignment of error is moot. App.R. 12(A)(1)(c).
 {¶ 31} The trial court's order is reversed, and judgment is entered for the DFI on Bellante's appeal brought pursuant to R.C.119.12. In re Forster, 161 Ohio App.3d 627, 2005-Ohio-3094.
This cause is reversed and judgment is entered for appellant consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and Gallagher, J. concur.
[1] Quotes are taken from the administrative record submitted to the trial court.
[2] In short, this section requires a loan officer to possess a character which will "command the confidence of the public and warrant the belief that the business will be operated honestly * * *."
[3] Subsection (A) prohibits an applicant from making any "substantial misrepresentation," subsection (B) prohibits an applicant from either making "false or misleading statements of a material fact" or "omissions of statement required by state law," and subsection (C) prohibits an applicant from engaging in "dishonest" conduct.