**HOCKENBERRY, Appellee,**

v.

**OHIO DEPARTMENT OF COMMERCE, DIVISION OF FINANCIAL INSTITUTIONS, Appellant.**

[Cite as *Hockenberry v. Ohio Dept. of Commerce*, 173 Ohio App.3d 331, 2007-Ohio-5555.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–1058.

Decided Oct. 18, 2007.

332

Isaac, Brant, Ledman & Teetor, L.L.P., J. Eric Holloway, Timothy E. Miller, and Douglas J. Suter, for appellee.

Marc Dann, Attorney General, and Theodore L. Klecker, Assistant Attorney General, for appellant.

---

KLATT, Judge.

{¶ 1} Appellant, Ohio Department of Commerce, Division of Financial Institutions, appeals from a judgment of the Franklin County Court of Common Pleas, reversing appellant's denial of the application of appellee, Bertram E. Hockenberry, for an Ohio loan officer's license. For the following reasons, we affirm in part and reverse in part the trial court's judgment.

{¶ 2} On May 1, 2002, appellee submitted a loan officer's license application to appellant. The application instructions included the following statement:

You must answer each question on this application fully and truthfully. Any omission, untruthful answer or incomplete answer may result in your being denied the privilege of obtaining a Mortgage Loan Officer License and acting as a loan officer in the State of Ohio, or in subsequent legal action. Questions 2 through 6 must be fully answered regardless of dismissals or similar terminations, and must include all actions or legal proceedings occurring in any court in any jurisdiction. This includes any matter dismissed favorably to you, filed by you or in which you were involved in any manner other than as a witness.

If you have any doubts about whether any matter should be reported on this application, report it. If you are not sure of the dates, times, places, or other information requested, you should consult the court, government agency, or other entity involved to obtain the correct and full information.

{¶ 3} Appellee answered "no" to question number 5 of the application, which asked:

Have you or has any company for which you have been an officer, or more than 5% owner or director, ever been convicted of or pleaded guilty to any criminal offense including, but not limited to, theft, receiving stolen property, embezzlement, forgery, fraud, passing bad checks, money laundering, or drug trafficking, or any criminal offense involving money or securities? If the answer is yes, furnish details.

{¶ 4} As part of its evaluation process, appellant conducted a background check on appellee. That background check revealed that in 1992, appellee had been convicted of unauthorized use of property—a fourth-degree misdemeanor. Upon learning this information, appellant requested appellee to provide additional information concerning the undisclosed conviction.

{¶ 5} In a letter to appellant dated October 8, 2002, appellee described the events that resulted in the conviction. Appellee explained that when he was in college, he and two friends were walking back to his car after eating at Max & Erma's Restaurant in the City Center Mall, Columbus, Ohio. Appellant's car was parked in an attached garage. As they exited the mall, two of appellee's friends took "Ameri Flora flags" displayed inside the mall. Appellant went into the garage and got into his car. As soon as his friends with the flags got into appellant's car, they were confronted by security officers and detained. Appellant and his friends were subsequently arrested by Columbus police officers. Appellant's friends were charged with a form of theft. Appellant was charged with receiving stolen property. At his court appearance, appellant pleaded no contest and explained to the judge the circumstances that resulted in the charge. The judge reduced the charge and found appellee guilty of unauthorized use of property. Appellee's sentence was limited to a fine. Appellee further stated that he was in the process of having the conviction expunged from his record.[1]

{¶ 6} On April 30, 2003, appellant issued to appellee a notice of its intent to deny the loan-officer license and a notice of an opportunity for a hearing. The notice of denial was based primarily upon appellee's failure to disclose his 1992 conviction on his application. Appellee requested a hearing. A hearing officer for appellant held a hearing on June 25, 2003, pursuant to appellee's request. Appellee appeared as a witness. He testified that when he paid the fine for the 1992 conviction, the clerk told him the conviction would be automatically removed from his record with the passage of time. Therefore, appellee believed he answered question number 5 truthfully. Appellee denied that he had intended to mislead appellant about his conviction, although he admitted his answer to question number 5 was inaccurate. Following the hearing, the hearing officer

---

1. On November 20, 2002, the Franklin County Municipal Court sealed the records of the case.

filed a report and recommendation with appellant that appellant approve appellee's application and grant him a loan-officer license.

{¶ 7} Appellant rejected the hearing officer's recommendation and issued an order on July 29, 2005, denying appellee's application. The order stated:

For the reasons stated hereafter, the Division disapproves: paragraph 14 on page 6 of the Report and Recommendation; paragraph 15 on page 7 of the Report and Recommendation; and the recommendation on page 7 of the Report and Recommendation. First, violations of R.C. §§ 1322.07(A) and (B) do not require a "weighing" as done by the hearing officer and are strict liability. Second, an applicant's criminal history is a "material fact" under R.C. §§ 1322.07(A) and (B). R.C. § 1322.07(A) forbids any license applicant from "[o]btain[ing] a * * * license through any false or fraudulent representation of a material fact or any omission of a material fact required by state law, or [from] mak[ing] any substantial misrepresentation in any * * * license application[.]" Hockenberry's failure to disclose his conviction on his loan officer license application is a violation of R.C. § 1322.07(A). R.C. § 1322.07(B) prohibits a license applicant from "[m]aking false or misleading statements of a material fact, [or] omission of statements required by state law[.]" Hockenberry's failure to disclose his conviction on his loan officer license application is a violation of R.C. § 1322.07(B).

{¶ 8} Appellee appealed appellant's order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. Appellee also filed a motion to suspend appellant's order pending the outcome of the appeal, which the trial court granted. On September 25, 2006, the trial court reversed appellant's order and further ordered that appellant grant appellee a loan-officer's license.

{¶ 9} Appellant now appeals, assigning the following errors:

I. The lower court erred as a matter of law and abused its discretion in holding the Division's order was not in accordance with the law.

II. The lower court abused its discretion in holding the Division's Order was not based upon reliable, probative and substantial evidence.

{¶ 10} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an administrative order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248. On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. In reviewing the court of common pleas determination of whether the administrative order was supported by reliable,

probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. *Roy v. Ohio State Med. Bd.* (1992), 80 Ohio App.3d 675, 680, 610 N.E.2d 562. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835.

{¶ 11} In its first assignment of error, appellant contends that the trial court erred in holding that the division's order was not in accordance with law. Appellant argues that the trial court applied the wrong portions of R.C. 1322.07(A) and (B) in holding that these provisions require a finding of intentional dishonesty. Appellant points out that the applicable portion of R.C. 1322.07(A) requires only a "substantial misrepresentation in any registration or license application"—not an intentionally false or fraudulent misrepresentation. Likewise, appellant notes that R.C. 1322.07(B) also prohibits "omissions of statements required by state law," a prohibition that would include the failure to disclose a conviction as required by state law. Although we agree that R.C. 1322.07(A) and (B) are not limited to an intentionally false or fraudulent misrepresentation, appellant has misinterpreted the basis of the trial court's decision.

{¶ 12} Contrary to appellant's contention, the trial court did not hold that R.C. 1322.07(A) and (B) require a finding of intentional dishonesty. Rather, the trial court found that appellant was not prohibited from granting appellee a license even though appellee had provided a false response to a question on the application in violation of R.C. 1322.07(A) and (B). The trial court found that appellant had the authority to weigh the evidence and to grant appellee a license if appellant determined that appellee had demonstrated sufficient credibility, character, and honesty, despite appellee's violation of R.C. 1322.07(A) and (B). Therefore, the trial court held that appellant had erred as a matter of law when appellant determined that it lacked the authority to issue appellee a license under these circumstances. We agree.

{¶ 13} R.C. 1322.041 requires appellant to issue a license to an applicant if the applicant meets the required conditions, including compliance with R.C. 1322.07. However, there is no provision that prohibits appellant from granting a license if an applicant fails to meet all of the conditions. As noted by the trial court, the statutory scheme requires appellant to weigh the evidence presented and to determine whether the applicant has demonstrated sufficient credibility, character, and honesty justifying appellant's issuance of a license. This is precisely

what appellant's hearing officer did when he recommended that appellant issue appellee a license.

{¶ 14} The clear purpose of the statutory scheme is to require appellant to determine an applicant's fitness to work as a loan officer. That determination permits appellant to weigh a variety of factors. If an applicant satisfies the express conditions set forth in R.C. 1322.041, appellant is required to grant the applicant a license. However, if an applicant fails to satisfy all the express conditions, nothing prohibits appellant from granting the applicant a license if the applicant's character and general fitness command the confidence of the public and warrant the belief that the business will be operated honestly and fairly in compliance with the law. R.C. 1322.041(A)(5).

{¶ 15} This conclusion is also consistent with *Bellante v. Ohio Dept. of Commerce, Dept. of Financial Institutions,* Cuyahoga App. No. 86712, 2006-Ohio-2472, 2006 WL 1360807. In *Bellante,* a hearing officer for the division of financial institutions found that the applicant had given a false answer when he denied he had been convicted of a criminal offense. In fact, appellant had three misdemeanor convictions. The hearing officer weighed the evidence, including the applicant's explanation for the false response, and concluded that the applicant failed to demonstrate the credibility, character, and honesty necessary to command the confidence of the public. Therefore, the hearing officer recommended that the division deny the applicant a license. The division agreed and denied the application.

{¶ 16} The trial court reversed the division's denial and ordered the division to issue a "provisional license" to the applicant, with a probationary period to end one year from the date of issue upon a showing that the applicant had operated an honest business in originating loans. Notably, in reversing the trial court's decision, the court in *Bellante* did not find that the division lacked the authority to issue a license because of the applicant's false response. Nor did the *Bellante* court find that the division should not have considered the applicant's explanation for his false response in determining the applicant's fitness. Rather, *Bellante* held that the trial court had abused its discretion in reversing the division's order because there was substantial, reliable, and probative evidence supporting the division's determination that the applicant lacked the necessary character and general fitness to command the confidence of the public.

{¶ 17} Because we agree with the trial court's determination that appellant misinterpreted its statutory authority, we overrule appellant's first assignment of error.

{¶ 18} In its second assignment of error, appellant contends that the trial court abused its discretion in holding that appellant's order was not based upon reliable, probative, and substantial evidence. Appellant argues that the trial

court did not give due deference to appellant's administrative resolution of the evidentiary conflicts. We disagree.

{¶ 19} As discussed above, appellant did not weigh the evidence in determining whether to issue appellee a license. It denied the application based upon what it perceived as a statutory limitation on its authority. Nor did the trial court hold that appellant's order was not supported by reliable, probative, and substantial evidence. It reversed appellant's order based upon appellant's misinterpretation of its statutory authority. Nevertheless, we agree with appellant that the trial court abused its discretion when it ordered appellant to grant appellee a loan-officer's license.

{¶ 20} It was undisputed that appellee had failed to comply with all the statutory conditions because of his false response to question number 5 on the application. Therefore, appellant was not required to grant appellee a license. R.C. 1322.07. However, once the trial court determined that appellant had misinterpreted its statutory authority, the trial court should have reversed appellant's order and remanded the matter to appellant so that appellant could weigh the evidence and determine appellee's fitness for a loan-officer's license. The trial court abused its discretion when it ordered appellant to issue appellee a license under these circumstances. Therefore, to this extent, we sustain appellant's second assignment of error.

{¶ 21} In conclusion, we overrule appellant's first assignment of error, and we overrule in part and sustain in part appellant's second assignment of error. Accordingly, we affirm in part and reverse in part the trial court's judgment and remand this cause to the trial court with instructions to return the matter to appellant for a determination, after weighing the evidence, of whether appellee's character and general fitness warrant the issuance of a loan officer's license.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

BRYANT and FRENCH, JJ., concur.